# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# HUNTINGTON DIVISION



FILED
OCT 1 6 2020
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

**Living Lands, LLC,**
a West Virginia Limited Liability Company
1000 5th Avenue, Suite 100
Huntington, WV 25701

and

**D. C. Chapman Ventures, Inc.**
a West Virginia Business Corporation

                           - **Plaintiffs**

        v.

**Jack Cline,**
an Individual West Virginia Resident


**Brady Cline Coal Co.,**
a dissolved West Virginia Business Corporation, solely to the extent of its undistributed assets, specifically including the remaining limits of its available liability coverage under liability insurance policies covering it and its officers and directors by Fidelity & Casualty Insurance Company
c/o The Continental Insurance Company
(successor in interest to Fidelity & Casualty Insurance Company


                           - **Defendants**

)
)
)
)   Case No. 3:20-cv-00275
)
)   Judge Robert C. Chambers
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

)
))
))
))
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)



## ANSWER

Jack Cline, *Pro Se*, responds to the complaint as follows:

### FIRST DEFENSE

#### I. *NATURE OF THIS CASE*:

1. Admitted.
2. Denied
3. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.

#### II. *JURISDICTION AND VENUE*:

4. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
5. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
6. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
7. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.

#### III. *DEFINITIONS*:

8. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.

#### IV. *THE PARTIES & THEIR RELATIONSHIPS TO THE SUBJECT PROPERTY*:

9. I am without information sufficient to answer this allegation.
10. I am without information sufficient to answer this allegation.
11. I am without information sufficient to answer this allegation.
12. I am without information sufficient to answer this allegation.
13. I am without information sufficient to answer this allegation.
14. I am without information sufficient to answer this allegation.
15. These allegations are legal conclusions which require no answer. However, I admit that I am the former Chief Executive Officer ("CEO") of Brady Cline Coal Co., a dissolved West Virginia corporation.
16. Denied.
17. I admit that Brady Cline Coal Co. is a West Virginia Business Corporation that was dissolved by Court Order in 1994. I am without information sufficient to answer the rest of the allegations.

18. Denied.

IV. **ALLEGATIONS COMMON TO ALL COUNTS**:

a. THE SURFACE WATERS AND GROUNDWATERS WITHIN THE RIGHT FORK SPRUCE RUN WATERSHED IN NICHOLAS COUNTY, WV ARE "WATERS OF THE STATE" HELD IN TRUST BY THE STATE OF WEST VIRGINIA FOR THE BENEFICIAL USE OF PRESENT AND FUTURE GENERATIONS OF THE PUBLIC:

19. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
20. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
21. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.

22. Admitted.
23. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
24. Admitted.
25. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
26. I am without information sufficient to answer this allegation.
27. I am without information sufficient to answer this allegation.
28. I am without information sufficient to answer this allegation.
29. I am without information sufficient to answer this allegation.
30. I am without information sufficient to answer this allegation.
31. I am without information sufficient to answer this allegation.
32. I am without information sufficient to answer this allegation.
33. I am without information sufficient to answer this allegation.

34. I am without information sufficient to answer this allegation.
35. I am without information sufficient to answer this allegation.
36. I am without information sufficient to answer this allegation.
37. I am without information sufficient to answer this allegation.

38. I am without information sufficient to answer this allegation.
39. I am without information sufficient to answer this allegation.
40. I am without information sufficient to answer this allegation.
41. I am without information sufficient to answer this allegation.
42. I am without information sufficient to answer this allegation.
43. I am without information sufficient to answer this allegation.
44. I am without information sufficient to answer this allegation.
45. I am without information sufficient to answer this allegation.
46. I am without information sufficient to answer this allegation.
47. I am without information sufficient to answer this allegation.
48. I am without information sufficient to answer this allegation.
49. I am without information sufficient to answer this allegation.
50. I am without information sufficient to answer this allegation.

b. THE AMD CONTAMINATION RELEASED INTO THE ENVIRONMENT WITHIN THE SUBJECT WATERSHED DURING AND AFTER EACH OF THE DEFENDANTS' OPERATION OF THEIR COAL MINING FACILITIES ON THE SUBJECT PROPERTY, IS A SOLID WASTE, A HAZARDOUS WASTE AND A HAZARDOUS SUBSTANCE:

1. *AMD Released at and Emanating from the Subject Property is a Hazardous Substances under CERCLA*:
51. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.

52. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
53. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
54. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.

2. *AMD Released at and Emanating from the Subject Property is a Solid Waste and Hazardous Waste for Purposes of RCRA Subtitle G & the West Virginia Hazardous Waste Management Act:*

55. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
56. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
57. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
58. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.

c. THE PAST, CURRENTLY ON-GOING AND THREATENED FUTURE RELEASES OF AMD CONTAMINATION INTO THE ENVIRONMENT RESULTING FROM EACH OF DEFENDANTS' PAST MINING OPERATIONS HAVE COMMINGLED OR WILL COMMINGLE WITHIN THE ENVIRONMENT TO CAUSE AND CONTRIBUTE TO A SINGLE, INDIVISIBLE HARM TO THE PUBLIC HEALTH, SAFETY, WELFARE AND THE ENVIRONMENT AND AN ACTUAL AND POTENTIAL ENDANGERMENT TO HEALTH AND THE ENVIRONMENT AT, ON AND UNDER THE SUBJECT PROPERTY AND WITHIN THE SUBJECT WATERSHED, WHICH HARM IS NOT REASONABLY CAPABLE OF BEING RELIABLY APPORTIONED TO THE ACTS OR OMMISSIONS OF ANY INDIVIDUAL DEFENDANT.

59. I am without information sufficient to answer this allegation.
60. I am without information sufficient to answer this allegation.
61. I am without information sufficient to answer this allegation.
62. I am without information sufficient to answer this allegation.
63. I am without information sufficient to answer this allegation.
64. I am without information sufficient to answer this allegation.

## COUNT ONE

### RECOVERY OF RESPONSE COSTS AND DECLARATORY RELIEF PURSUANT TO CERCLA
### (42 U.S.C. §§ 9607(a) and 9613(g))

(*By Plaintiff Living Lands, LLC against all Defendants*)

65. No answer is required for this paragraph.
66. I am without information sufficient to answer this allegation.
67. I am without information sufficient to answer this allegation.
68. I am without information sufficient to answer this allegation.
69. I am without information sufficient to answer this allegation.
70. I am without information sufficient to answer this allegation.
71. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
72. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.

## COUNT TWO:

**PURSUANT TO RCRA § 7002(a)(1)(B), JUDICIAL ABATEMENT OF CONDITIONS RESULTING FROM EACH OF THE DEFENDANTS' PAST HANDLING AND DISPOSAL AT, ON AND UNDER THE SUBJECT PROPERTY AND WITHIN THE SUBJECT WATERSHED OF SOLID WASTES OR HAZARDOUS WASTES, OR BOTH, WHICH MAY PRESENT AN IMMINENT & SUBSTANTIAL ENDANGERMENT TO HEALTH OR THE ENVIRONMENT**

*(Asserted by Plaintiff Living Lands, LLC Against All Defendants)*

73. No answer is required for this paragraph.
74. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
75. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
76. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
77. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
78. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
79. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
80. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
81. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
82. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
83. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
84. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.

**COUNT THREE:**

**JUDICIAL ABATEMENT OF A *PER SE* PUBLIC NUISANCE DECLARED BY THE GENERAL LAW OF WEST VIRGINIA**

*(Both Plaintiffs against all Defendants)*

85. No response is necessary for this paragraph.
86. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
87. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
88. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
89. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
90. I am without information sufficient to answer this allegation.
91. I am without information sufficient to answer this allegation.
92. I am without information sufficient to answer this allegation.
93. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
94. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
95. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
96. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
97. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
98. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
99. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.

100. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.

## COUNT FOUR

### JUDICIAL ABATEMENT OF A CONTINUING PUBLIC NUISANCE PURSUANT TO THE COMMON LAW OF WEST VIRGINIA

*(Both Plaintiffs against all Defendants)*

101. No response is required for this paragraph.
102. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
103. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
104. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
105. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
106. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
107. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
108. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
109. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
110. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
111. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
112. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.

## COUNT FOUR:

### UNJUST ENRICHMENT

*(Plaintiff Living Lands, LLC against all Defendants)*

113. No response is required to this paragraph.
114. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
115. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
116. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.
117. These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.

### VI. *PRAYER FOR RELIEF*:

These allegations are legal conclusions which require no answer, however, to the extent a response is required, denied.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Defendant denies each and every matter and allegation contained in the Complaint not herein expressly admitted.

## FOURTH DEFENSE

Defendant isnot advised of the nature or extent of the damages and injuries alleged by the Plaintiff and calls upon Plaintiffs for full and strict proof thereof.

## FIFTH DEFENSE

The incident and injuries alleged in the Complaint were the result of an independent, superseding, and/or intervening cause.

## SIXTH DEFENSE

The sole proximate cause of the incident and injuries alleged in the Complaint was the negligence and/or intentional actions of persons or entities other than Defendant or his agents, and such negligence and/or intentional actions on the part of these other persons or entities must be compared with the percentage, if any, that Defendant's own negligence and/or intentional actions contributed to the incident and injuries alleged in the Complaint.

## SEVENTH DEFENSE

Plaintiffs voluntarily assumed the risk of the incident and injuries alleged in the Complaint.

## EIGHTH DEFENSE

The Complaint may be barred by the applicable statute of limitations.

## NINTH DEFENSE

The Complaint is barred to the extent that Plaintiffs failed to mitigate their damages.

## TENTH DEFENSE

Any action or inaction on the part of Defendant, his agents or employees, were not a proximate cause of any injury to Plaintiffs.

## ELEVENTH DEFENSE

Defendant denies that he breached any duty to Petitioner.

## TWELFTH DEFENSE

Not being fully advised of the circumstances surrounding the allegations set forth in the Complaint, Defendant hereby invoke and assert all other affirmative defenses which may prove applicable including, but not necessarily limited to, those specifically set forth in Rules 8, 9, and 12 of the West Virginia Rules of Civil Procedure.

## THIRTEENTH DEFENSE

Not being fully advised of the circumstances surrounding the allegations set forth in the Complaint, Defendant reserve the following affirmative defenses: release, accord and satisfaction, estoppel, waiver, and failure to join an indispensable party, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

## PRAYER

WHEREFORE Defendant prays for judgment in their favor on all claims against him, and such other and further relief to which they may be justly entitled.

Respectfully submitted,

**Jack Cline,** *Pro S*

By: /s/ Jack Cline
Jack Cline
201 Club Circle
Daniels, WV 25832

**USPS Priority Mail Label:**

UNITED STATES POSTAL SERVICE — Retail

US POSTAGE PAID — $7.75
Origin: 25832
10/15/20
5520820200-04

PRIORITY MAIL 1-DAY®

0 Lb 2.90 Oz
1021

EXPECTED DELIVERY DAY: 10/16/20

C009

SHIP TO:
845 5TH AVE
STE 101
Huntington WV 25701-2031

USPS TRACKING® NUMBER
9505 5109 7706 0289 1386 96

FROM:
Jack Cline
201 Club Circle
Daniels WV 24832

U.S. MARSHALS SERVICE
X-RAYED

BY:

TO:
Huntington Federal Court Clerk
845 5th Ave.
Room #101
Huntington, WV 25701