IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

LIVING LANDS, LLC,
a West Virginia Limited Liability Company,
D. C. CHAPMAN VENTURES, INC.
a West Virginia Business Corporation,

                Plaintiffs,

v.                                                CIVIL ACTION NO.   3:20-0275

JACK CLINE,
an Individual West Virginia Resident;
BRADY CLINE COAL CO.,
a dissolved West Virginia Business Corporation,
solely to the extent of its undistributed assets,
specifically including the remaining limits of its
available liability coverage under liability insurance
policies covering it and its officers and directors;
SPRUCE RUN COAL COMPANY,
a dissolved West Virginia Business Corporation,
solely to the extent of its undistributed assets,
specifically including the remaining limits of its
available liability coverage under liability insurance
policies covering it and its officers and directors;
HAROLD WARD,
in his official capacity as the Cabinet Secretary of the
West Virginia Department of Environmental Protection,
an instrumentality of the State of West Virginia,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Harold Ward's Motion to Disqualify Michael O. Callaghan and Michael C. Donovan as Counsel. ECF No. 87. Defendant Ward argues that Mr. Callaghan and Mr. Donovan are representing both Plaintiffs (Living Lands, LLC and D.C.

Chapman) and a counterclaim Defendant (D.C. Chapman) in this lawsuit and thus should be disqualified. For the following reasons, the Court **DENIES** this Motion. ECF No. 87.

## BACKGROUND

The initial Complaint was filed in this matter on April 20, 2022. ECF No. 1. An Amended Complaint was filed on February 3, 2021, by Plaintiffs Living Land, LLC and D.C. Chapman Ventures, Inc., against Brady Cline Coal, Jack Cline, Spruce Run Coal Company, and Harold Ward. ECF No. 41. In this Amended Complaint, D.C. Chapman was listed as both a Plaintiff and a Counter-Defendant. *Id.* The Amended Complaint was submitted by Michael O. Callaghan on behalf of Living Lands, LLC and D.C. Chapman Ventures, Inc., only with respect to the prosecution of the claims asserted herein which it has authorized to be brought in its name by Living Lands, LLC. *Id.*

Defendant Ward deposed Craig Chapman, the owner of and representative for D.C. Chapman, on May 25, 2022. Defendant Ward asserts that, at this deposition, Chapman learned for the first time that D.C. Chapman was a party to the lawsuit. Chapman also was under the impression that Mr. Callaghan and Mr. Donovan—attorneys for Plaintiff Living Lands, LLC—were his own attorneys, and was surprised that he was being sued by them.

To the contrary, Plaintiff Living Lands, LLC asserts that Plaintiff's counsel does not have an attorney/client relationship with D.C. Chapman. Plaintiff explains that there is an Option Agreement between the parties which has allowed Living Lands, LLC to bring forward the claims in the instant lawsuit in D.C. Chapman's name. This Option Agreement became irrevocable in March 201, and

> provides express authority for Plaintiff L4C, acting in the name of the D.C. Chapman Ventures, Inc., to 'investigate, assess, assert and prosecute, settle, assign, or otherwise resolve ang legal or equitable claims, chooses in action or rights of action that the Optionor (i.e.,

-2-

> > D.C. Chapman Ventures, Inc.) has or may have that relate directly or indirectly, to injuries or damages arising, directly or indirectly out of:
> > (i) Any condition of private nuisance or public nuisance, or any adverse environmental conditions at, emanating from, or adversely impacting in any way the present or future beneficial uses of the Subject Property, or
> > (ii) Any condition at or affecting the Subject Property that may present an endangerment to the public health, safety, welfare or the environment.

Am. Compl., ECF No. 41, ¶ 19. Plaintiff explains that, because it is an optionee of the property, it asserts in its own name its own claims and asserts in the name of D.C. Chapman the claims that have been assigned to it by D.C. Chapman. This is how Plaintiff first initiated the action. When the Amended Complaint was filed, D.C. Chapman was named as a counterclaim defendant because Plaintiff Living Lands chose to assert its own claims against D.C. Chapman for allowing illegal open dumps to exist on the property. The Amended Complaint alleges three causes of action against D.C. Chapman: Count One (Declaratory Relief Pursuant to CERCLA), Count Two (Citizen Suit Relief to Enforce the Requirements of RCRA and the West Virginia Solid Waste Management Act), and Count Five (Judicial Abatement of a Per Se Public Nuisance).

## DISCUSSION

Defendant Ward argues that Plaintiff's counsel are representing both a Plaintiff and a Defendant in this matter, thus, violating the ethical rules governing professional conduct. Because of this impermissible conflict of interest, Defendant Ward has asked this Court to disqualify Plaintiff's counsel.

The Rules of Professional Conduct and the Standards of Professional Conduct adopted by the Supreme Court of West Virginia, and the American Bar Association's Model Rules of Professional Conduct, govern the professional conduct of attorneys in the Southern District of West Virginia. L.R. Civ. P. 83.7. The West Virginia Rules of Professional Conduct prohibit an

attorney from representing opposing parties in the same litigation. W. Va. R. Prof. Conduct 1.7 Cmt. 23.

Defendant Ward argues that the docket sheet and record clearly indicate that Plaintiff's counsel represent D.C. Chapman. The docket sheet notes that Mr. Callaghan is listed as the lead attorney to be noticed for Plaintiff D.C. Chapman, while a notice of dismissal filed by Plaintiffs Living Lands, LLC and D.C. Chapman was filed "by counsel Michael O. Callaghan." ECF No. 30. Lastly, Defendant Ward points the Court to the discovery responses filed on behalf of D.C. Chapman by Mr. Callaghan. ECF No. 88.

Plaintiff refutes this assertion. Plaintiff argues that this is simply a case of the assignment of claims, thereby violating no ethical rules. Plaintiff asserts that D.C. Chapman authorized Plaintiff to bring forth certain claims in its name, and that this does not establish an attorney/client relationship.

While this is an unusual set of circumstances, the Court agrees with Plaintiff's position. The assignment of claims found in the Option Agreement vests D.C. Chapman's interest in the environmental claims in Plaintiff Living Lands, LLC. It appears that D.C. Chapman's name as a Plaintiff is merely nominal. Thus, there is no invidious conflict of interest present.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Ward's Motion. ECF No. 87.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

                                        ENTER:      July 20, 2022

                                        ROBERT C. CHAMBERS
                                        UNITED STATES DISTRICT JUDGE