IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

LIVING LANDS, LLC,
a West Virginia Limited Liability Company,
D. C. CHAPMAN VENTURES, INC.
a West Virginia Business Corporation,

        Plaintiffs,

v.              CIVIL ACTION NO.  3:20-0275

JACK CLINE,
an Individual West Virginia Resident;
BRADY CLINE COAL CO.,
a dissolved West Virginia Business Corporation,
solely to the extent of its undistributed assets,
specifically including the remaining limits of its
available liability coverage under liability insurance
policies covering it and its officers and directors;
SPRUCE RUN COAL COMPANY,
a dissolved West Virginia Business Corporation,
solely to the extent of its undistributed assets,
specifically including the remaining limits of its
available liability coverage under liability insurance
policies covering it and its officers and directors;
HAROLD WARD,
in his official capacity as the Cabinet Secretary of the
West Virginia Department of Environmental Protection,
an instrumentality of the State of West Virginia,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' Motion for Leave to File a Second Amended Complaint. ECF No. 100. For the reasons below, the Court **DENIES** this Motion. *Id.*

**BACKGROUND**

In their original pleading on April 20, 2020, Plaintiffs Living Lands, LLC and D.C. Chapman Ventures, Inc. brought suit against a series of private parties, including Jack Cline, Brady

Cline Coal Co., and B & S Contracting, Inc., for violations of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. §§ 9607(a) and 9613(g); the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6972(a)(1)(B); common law per se public nuisance and public nuisance; and unjust enrichment. Compl., ECF No. 1. Plaintiffs amended their complaint on February 3, 2021 to add Defendant Ward and additional counts alleging violations of RCRA Subtitle D, 42 U.S.C. §§ 6941-6949; the West Virginia Solid Waste Management Act (WVSWMA), W. Va. Code § 22-15-10(a); and the Clean Water Act (CWA), 33 U.S.C. §§ 1311, 1317. Am. Compl., ECF No. 41.

Though Defendant Ward, the Cabinet Secretary of the West Virginia Department of Environmental Protection (WVDEP), moved to dismiss all claims against him, the Court dismissed only the counts alleging violations of CERCLA, per se public nuisance, and public nuisance. Mem. Op. and Order at 27, ECF No. 72. On September 30, 2022, Defendant Ward moved for summary judgment as to the remaining counts—that is, Plaintiffs' claims for relief under RCRA Subtitle D and the WVSWMA (Count II), as well as the citizen suit provisions of RCRA (Count III) and the CWA (Count IV). Def. Harold Ward's Mot. for Summ. J. at 2, ECF No. 95. Defendant Ward's Motion for Summary Judgment has been fully briefed. *See* Pls.' Resp. in Opp'n to Def. Sec'y Harold Ward's Mot. for Summ. J., ECF No. 103; Reply in Supp. of Def. Harold Ward's Mot. for Summ. J., ECF No. 108.

On October 17, 2022, following Defendant Ward's Motion for Summary Judgment, Plaintiffs moved for leave to file a second amended complaint. Pls.' Mot. for Leave to File Second Am. Compl., ECF No. 100. Plaintiffs submitted a proposed Second Amended Complaint which corrected paragraph and section numbers, replaced the former paragraph eighty-three with a new paragraph, and inserted erroneously omitted statutory and regulatory quotes in paragraphs eighty-

four and ninety-six. *Id.* at 2. Defendant Ward opposed the motion to amend, alleging it is untimely, would disrupt the court schedule, exceeds the scope of pre-suit notice of intent to sue, and would cause prejudice by adding additional layers of complexity to the case. Def. Ward's Mot. in Opp'n to Pls.' Mot. for Leave to File Second Am. Compl. at 2, ECF No. 107.

## ANALYSIS

Plaintiffs have not shown good cause to amend the Complaint. While courts should give leave to amend a complaint "when justice so requires," Fed. R. Civ. P. 15(a)(2), a party moving to amend after the deadline has passed must also meet the good cause standard under FRCP 16(b) to warrant a divergence from the scheduling order. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). Generally, a post-deadline request to amend a pleading should be denied where the amendment would prejudice the opposing party, the moving party has exercised bad faith, or the amendment would be futile. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012). Prejudice to a defendant likely occurs where a plaintiff seeks to amend a complaint after a significant amount of discovery has already been conducted. *Id.*; *see also Scott v. Fam. Dollar Stores, Inc.*, 733 F.3d 105, 118–19 (4th Cir. 2013) (noting that "prejudice can result where a new legal theory is alleged if it would entail additional discovery and evidentiary burdens on the part of the opposing party.").

At this point in proceedings, further amending the Amended Complaint would prejudice Defendants. Plaintiffs argue that aside from adding statutory and regulatory quotes and correcting paragraph and section numbers, the proposed Second Amended Complaint only contains one substantive correction. Pls.' Mot. for Leave to File Second Am. Compl. at 2, ECF No. 100. The substantive correction fixes an "error of citation" in paragraph eighty-eight of the Amended Complaint. *Id.* Defendant, however, argues that allowing an amendment this late in proceedings

would cause prejudice, as the proposed second amended complaint references different standards for beryllium concentrations in paragraph eighty-nine. Def. Ward's Mot. in Opp'n to Pls.' Mot. for Leave to File Second Am. Compl. at 2, ECF No. 107.

While Defendant cites a number of reasons Plaintiffs should not be able to amend the already-amended Complaint, the Court finds Plaintiffs' motion lacks good cause for the simple fact that it imposes additional evidentiary burdens too late in the game. Even Plaintiffs, while trying to downplay the significance of the changes, admit the proposed pleading contain at least one substantive change. Pls.' Mot. for Leave to File Second Am. Compl. at 2, ECF No. 100. Notably, it contemplates applying different standards for beryllium concentrations—rather than the Maximum Contaminant Level (MCL) specified by RCRA, the Second Amended Complaint argues the Court should reference the Safe Drinking Water Act MCL for beryllium. *Id.* at 2-5. This change would raise an additional issue and require additional discovery.

Furthermore, Plaintiffs have offered no explanation for their delay in filing the motion to amend. While Plaintiffs note they learned of one error "[t]hrough discovery and as pointed out by Defendant [] Ward" and that "[g]ood cause exists for granting leave," these blanket statements neither establish that such good cause exists nor explain why this motion was not filed earlier. Given discovery had long been complete, Defendant Ward had already moved for summary judgment, and the trial was only four months away at the time of the Motion, the Court finds Plaintiffs have not shown good cause to amend the Complaint a second time.

## CONCLUSION

Because amending the complaint at this stage would prejudice Defendants by requiring additional discovery and introducing additional evidentiary burdens, the Court **DENIES** Plaintiff's

Motion for Leave to File Second Amended Complaint. ECF No. 100. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: January 18, 2023

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE