IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

LIVING LANDS, LLC,
a West Virginia Limited Liability Company,
D. C. CHAPMAN VENTURES, INC.
a West Virginia Business Corporation,

                Plaintiffs,

v.                                  CIVIL ACTION NO.   3:20-0275

JACK CLINE,
an Individual West Virginia Resident;
BRADY CLINE COAL CO.,
a dissolved West Virginia Business Corporation,
solely to the extent of its undistributed assets,
specifically including the remaining limits of its
available liability coverage under liability insurance
policies covering it and its officers and directors;
SPRUCE RUN COAL COMPANY,
a dissolved West Virginia Business Corporation,
solely to the extent of its undistributed assets,
specifically including the remaining limits of its
available liability coverage under liability insurance
policies covering it and its officers and directors;

                Defendants.

**MEMORANDUM OPINION AND ORDER**

       Pending before the Court is Defendant Jack Cline's Motion for Sanctions for Litigation

Misconduct. ECF No. 148. The essence of Defendant Cline's argument is that Plaintiffs' counsel

discouraged him from participating in the litigation, and counsel consistently represented to him

that Plaintiffs have no intent of pursuing his personal assets in this lawsuit. Instead, Plaintiffs

simply asked that Defendant Cline assist them in locating any insurance policies that may provide

coverage for the environmental cleanup of certain property Defendant Cline and his companies

once mined and, if found, assign his rights under the policies to, and otherwise cooperate with, Plaintiffs as the current owners of the property. Based upon these representations, Defendant Cline did not hire counsel or significantly participate in this litigation from its inception on April 20, 2020.[1]

In February of 2021, Plaintiffs filed an Amended Complaint naming, *inter alia*, Harold Ward, as Cabinet Secretary of the West Virginia Department of Environmental Protection, as an additional Defendant.[2] Thereafter, Plaintiffs pursued their claims against Defendant Ward, but on March 15, 2022, this Court entered a Memorandum Opinion and Order denying, in part, and granting, in part, Defendant Ward's Motion to Dismiss. *Living Lands, LLC v. Cline*, 591 F. Supp.3d 79 (S.D. W. Va. 2022). Following discovery, this Court granted summary judgment in favor of Defendant Ward on February 21, 2023, on the remaining claims against him. *Living Lands, LLC v. Cline*, 2023 WL 2142981 (S.D. W. Va. Feb. 21, 2023). Plaintiffs moved to reconsider the Court's decision, but the Court denied the motion on May 15, 2023. *Living Lands, LLC v. Cline*, 2023 WL 3470902 (S.D. W. Va. May 15, 2023).[3] Two days after judgment was entered in favor of Defendant Ward, Plaintiffs moved for partial summary judgment against Defendant Cline and Brady Cline Coal Company. *Pls.' Motion for Summ. J.*, ECF No. 138. Having acted *pro se* and never substantively participated in any of the litigation for the past three years,

---

[1]Defendant Cline did file an Answer, but he asserts Plaintiffs' counsel arranged for another lawyer to draft it for him and that lawyer expressly disclaimed any attorney-client relationship with him.

[2]Plaintiffs also added Spruce Run Coal Company and readded Brady Cline Coal Company as Defendants. Plaintiffs previously voluntarily had dismissed Brady Cline Coal Company on October 14, 2020. *See Notice of Dismissal*, ECF No. 30.

[3]Plaintiffs appealed this decision, and the appeal is currently pending before the Fourth Circuit.

Defendant Cline hired counsel who filed the pending Motion for Sanctions for Litigation Misconduct. *Def. Jack Cline's Motion for Sanctions for Litig. Misconduc*t, ECF No. 148.

On August 22, 2023, the Court held a hearing on the motion and heard testimony from witnesses. At the conclusion of the hearing, the Court held the motion in abeyance to give the parties the opportunity to reach an agreement that would moot the Motion for Sanctions. Unfortunately, the parties have been unable to resolve their differences and have submitted conflicting proposed agreements for the Court's consideration. *Compare Def. Cline's Proposed Settlement Agreement*, ECF No. 169-1, *with Pls.' Proposed Partial Consent Decree Order and Judgment*, ECF No. 169-2.

After reviewing the parties' proposals, the Court directed Defendant Cline to delineate his precise objections to the various provisions in Plaintiffs' proposal. Following Defendant Cline's Response, Plaintiffs partially revised their proposed Partial Consent Decree Order and Judgment (ECF No. 173-1), but it is clear to the Court that, even with these revisions, there remain significant and unresolved differences between the parties. Therefore, it is necessary for the Court to rule on the Motion for Sanctions.

Based upon the hearing and the briefing submitted by the parties, the Court finds that Plaintiffs' revised Partial Consent Decree Order and Judgment includes provisions that extend far beyond the historical agreement of the parties. The Court finds that Defendant Cline reasonably believed that Plaintiffs were not pursing his personal assets so long as he continued to cooperate in attempting to find insurance coverage for the environmental cleanup. For over three years, Defendant Cline acted *pro se* and Plaintiffs never sought to advance their claims against him or his personal assets until recently. It is clear that, during this time period, Plaintiffs were attempting to find insurance coverage or other funds to pay for the cleanup and Defendant Cline had minimal

involvement in the actual litigation. It was not until Plaintiffs essentially came up emptyhanded that they changed course and filed their Motion for Partial Summary Judgment against Defendant Cline. However, based upon Plaintiffs' actions and representations throughout the course of this litigation, the Court finds Defendant Cline was completely justified in reasonably believing his assets were not Plaintiffs' target. As Defendant Cline took no active role in any of the litigation up until this point, he was left in an untenable position when Plaintiffs' filed their Motion for Partial Summary Judgment against him. The Court finds these circumstances resulted in obvious unfair prejudice to Defendant Cline and it would be unjust for the Court to allow Plaintiffs to proceed against him at this point.

Accordingly, for the foregoing reasons, the Court **GRANTS** Defendant Cline's Motion for Sanctions to the extent it enforces the parties' historical agreement that Plaintiffs shall not proceed against any of his personal assets. To the extent the motion requests attorneys' fees and costs, the Court **DENIES** the motion. Additionally, the Court notes that this case has been pending for over three years, yet Plaintiffs have been unable to confirm any insurance policies to cover the environmental damage to the subject property and its claims against Defendant Ward have failed. During the latest hearing, Plaintiffs represented to the Court that there may be coverage with an insurer that is in liquidation in Pennsylvania. Given this possibility, the Court shall permit Plaintiffs to continue investigating whether such coverage exists for an additional period of **90 days**. The Court further **DIRECTS** Plaintiffs to file a Status Report with the Court **on or before December 15, 2023** and again **on or before February 1, 2024,** informing the Court where the issue of insurance coverage stands. If Plaintiffs are unable to find coverage within that time period, the Court is prepared to dismiss this case against Defendant Cline. *See generally United States v.*

*Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993) (outlining the factors a district court must consider before dismissing a case when an attorney's conduct is problematic).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        October 31, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE