IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

LIVING LANDS, LLC,
a West Virginia Limited Liability Company,
D. C. CHAPMAN VENTURES, INC.
a West Virginia Business Corporation,

                      Plaintiffs,

v.                                                    CIVIL ACTION NO.   3:20-0275

JACK CLINE,
an Individual West Virginia Resident;
BRADY CLINE COAL CO.,
a dissolved West Virginia Business Corporation,
solely to the extent of its undistributed assets,
specifically including the remaining limits of its
available liability coverage under liability insurance
policies covering it and its officers and directors;
SPRUCE RUN COAL COMPANY,
a dissolved West Virginia Business Corporation,
solely to the extent of its undistributed assets,
specifically including the remaining limits of its
available liability coverage under liability insurance
policies covering it and its officers and directors;

                      Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' Motion for Relief from Judgment Pursuant to Rule 60(b)(5). ECF No. 189.[1] For the reasons stated herein, the Motion is **DENIED**.

---

[1] In making this decision, the Court considered the following documents: Plaintiffs' Corrected Notice of Material Misrepresentations of Existing West Virginia Solid Waste Management Law Made to this Court herein by Defendant Secretary Ward, via his Trial Counsel, ECF No. 185; Plaintiffs' Motion for Relief from Judgment Pursuant to Rule 60(b)(5), ECF No. 189; Defendant Harold Ward's Response in Opposition to the Motion for Relief from Judgment Pursuant to Rule 60(b)(5), ECF No. 190; and Plaintiffs' Reply to the Response in Opposition, ECF No. 190.

## I. Background

Over four years ago, Plaintiffs Living Lands, LLC, and D. C. Chapman Ventures, Inc., brought suit against Defendants Jack Cline, Robert Lee Cline, Brady Cline Coal Co., and B. & S. Contracting, Inc. ECF No. 1. Plaintiffs later amended their complaint to include, among others, Defendant Harold Ward in his official capacity as the Cabinet Secretary of the West Virginia Department of Environmental Protection. ECF No. 41.

On May 15, 2023, this Court directed the Clerk to enter judgment in favor of Defendant Ward. ECF No. 137. Plaintiffs appealed this decision to the United States Court of Appeals for the Fourth Circuit. ECF No. 140. The Fourth Circuit issued an Opinion and a Judgment, affirming this Court's decision. ECF Nos. 178 and 179.

Plaintiffs then filed a Corrected Notice of Material Misrepresentations of Existing West Virginia Solid Waste Management Law Made to this Court herein by Defendant Secretary Ward, via his Trial Counsel. ECF No. 185. Shortly after filing the Corrected Notice, Plaintiffs filed the present Motion. ECF No. 189.

## II. Legal Standard

To succeed on a Federal Rule of Civil Procedure 60(b) motion, "a moving party must first show (1) that the motion is timely, (2) that [the moving party] has a meritorious claim or defense, and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside." *United States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018) (citing *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993)).

Additionally, the moving party must also satisfy one of the enumerated Rule 60(b) grounds for relief. *Id.* Rule 60(b) includes the following grounds for relief from final judgment:

(1) mistake, inadvertence, surprise, or excusable neglect . . .

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . .
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Rule 60(c) requires the moving party to bring the motion "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

The "no longer equitable clause" in Rule 60(b)(5) allows a court to grant relief from a final judgment if "a significant change either in factual conditions or in law renders continued enforcement detrimental to the public interest." *Horne v. Flores*, 557 U.S. 433, 447, (2009) (internal quotation marks omitted).

Rule 60(b)(6) is the "catch-all" provision. *Gray*, 1 F.3d at 266. In *Gray*, the Fourth Circuit characterized this provision as a "grand reservoir of equitable power to do justice in a particular case." *Id.* at 266 (quoting 7 Moore's Federal Practice ¶ 60.27[1] at 60–266 (1993)). However, the Fourth Circuit also cautioned that this provision should only "be invoked upon a showing of exceptional circumstances." *Id.* (quoting *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102, 102 (4th Cir. 1979). Further, "the grounds for Rule 60(b)(6) are 'mutually exclusive' from the grounds of other Rule 60(b) motions, thus prohibiting parties who 'failed to take timely action' on one ground from 'resorting to subsection (6)' to avoid the one-year limit." *United States v. Williams*, 56 F.4th 366, 373 (4th Cir. 2023) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993)), *cert. denied*, 143 S. Ct. 2682 (2023).

### III.     Analysis

Plaintiffs move this Court to grant relief from the judgment pursuant to Rule 60(b)(5) and (6). ECF No. 189, at 1. Specifically, Plaintiffs invoke the "no longer equitable" clause of Rule 60(b)(5). *Id.* at 19.

Plaintiffs do not attempt to show "a significant change either in factual conditions or in law [that] renders continued enforcement detrimental to the public interest." *Horne*, 557 U.S. at 447. Instead, Plaintiffs discuss at length a regulation that Plaintiffs state "has remained unchanged since 1996." ECF No. 185, at 12; *see* ECF No. 189, at 12–13. Further, Plaintiffs cite to no change in factual conditions. The only change that Plaintiffs note is a change in their knowledge of the law they have been litigating over these last four years. *See* ECF No. 185, at 2–4; ECF No. 189, at 5, 14–15. Since Plaintiffs have pointed to no changes in the law or facts, this Court finds no justification for relief from judgment under Rule 60(b)(5).

In their Motion, Plaintiffs mention once that they are also seeking relief under Rule 60(b)(6). ECF No. 189, at 1. However, Plaintiffs do not cite grounds for relief that are mutually exclusive from the other provisions of Rule 60(b). Instead, Plaintiffs consistently make arguments for relief that belong under Rule 60(b)(3). Rule 60(b)(3) allows the moving party to seek relief for "fraud . . . , misrepresentation, or misconduct by an opposing party[.]" Plaintiffs repeatedly claim that Defendant Ward, through his counsel, misrepresented or misstated the law. ECF No. 185, at 1, 3, 10–12; ECF No. 189, at 3–5, 11, 14–17; ECF No. 191, at 8–9, 14–19. Both the Supreme Court and the Fourth Circuit have instructed courts not to allow moving parties to use Rule 60(b)(6)'s catch-all provision to circumvent the one-year limit of Rule 60(b)(1)–(3). *Williams*, 56 F.4th at 373; *see Pioneer Inv. Servs. Co.*, 507 U.S. at 393. Therefore, the Court finds relief from judgment under Rule 60(b)(6) to be inappropriate in this case.

Plaintiffs' arguments could not survive a motion under Rule 60(b)(3). The Court entered the judgment to which Plaintiffs seek relief on May 15, 2023. ECF No. 137. Plaintiffs did not file this Motion until July 11, 2024, over a year after the entering of the final judgment. ECF No. 189.

Defendant Ward argues that Plaintiffs' Motion would have been more appropriately brought under Rule 60(b)(1). ECF No. 190, at 10. However, even if this characterization of Plaintiffs' Motion were accurate, the Motion would still fail due to the same timeliness issues that arise under Rule 60(b)(3).

Plaintiffs have not demonstrated sufficient justification for relief under Rule 60(b)(5) or (6). Further, had Plaintiffs brought this Motion under either Rule 60(b)(1) or (3), the Motion would be time-barred. Therefore, this Court **DENIES** Plaintiffs' Motion.

### IV.  Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for Relief from Judgment, ECF No. 189.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:    October 28, 2024

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE